B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **BOYD, KDSE** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **4394** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **6253 S. Michigan Chicago, IL Apt 1602** ZIP CODE **60631** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **COOK COUNTY** | County of Residence or of the Principal Place of Business: ZIP CODE |
| Mailing Address of Debtor (if different from street address): **Same** ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7        ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12      ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity (Check box, if applicable.) | Nature of Debts (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☒ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | **FILED**<br>UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS<br>FEB 16 2012<br>KENNETH S. GARDNER, CLERK<br>**AS REP. - LR** |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s): BOYD ROSE

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Voluntary Petition
Case 12-05661   Doc 1   Filed 02/16/12   Entered 02/16/12 14:30:34   Desc Main
*(This page must be completed and filed in every case.)*
Document   Page 3 of 48   Name of Debtor(s):   Pag

BOYD ROSE

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Rose M Boyd_____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)

   _____
   Date

### Signature of Attorney*

X _____
   Signature of Attorney for Debtor(s)

   _____
   Printed Name of Attorney for Debtor(s)

   _____
   Firm Name

   _____
   Address

   _____
   Telephone Number

   _____
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is tr and correct, that I am the foreign representative of a debtor in a foreign proceedir and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
   Signature

   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re _Boyd Rose_ _____
                    Debtor

Case No. _____
                    (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

B 1D (Official Form 1, Exh. D) (12/09) — Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Robert Boyd_

Date: _2-10-12_

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

In re  __BOYD ROSE__ ,
    Debtor

Case No. _____

Chapter  __7__

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 0 | | |
| B - Personal Property | ✓ | 3 | $ 500.00 | | |
| C - Property Claimed as Exempt | ✓ | 1 | | | |
| D - Creditors Holding Secured Claims | ✓ | 1 | | $ 0 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | ✓ | 2 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | ✓ | 3 | | $ 168,175.70 | |
| G - Executory Contracts and Unexpired Leases | ✓ | 1 | | | |
| H - Codebtors | ✓ | 1 | | | |
| I - Current Income of Individual Debtor(s) | ✓ | 1 | | | $ 4,759.90 |
| J - Current Expenditures of Individual Debtors(s) | ✓ | 1 | | | $ 1,655.00 |
| TOTAL | | 14 | $ 500.00 | $ 168,175.70 | |

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

In re  __BOYD, ROSE_____ ,
        Debtor

Case No. _____

Chapter ___7___

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0 |
| Student Loan Obligations (from Schedule F) | $ | 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0 |
| TOTAL | $ | |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $1,759.90 |
| Average Expenses (from Schedule J, Line 18) | $1,655.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $2,221.68 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0 |
| 4. Total from Schedule F | | $ 168,175.70 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 168,175.70 |

In re ___BOYD, ROSE_____,                    Case No. _____
        Debtor                                                      (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single Family Residence 7236 S. Morgan Chicago, IL 60621 | Mortgage | H | $156,000 | $156,000 |
| | | | | |

Total ▶  $156,000.00

(Report also on Summary of Schedules.)

In re **BOYD ROSE**, _____,    Case No. _____
_____Debtor_____                          (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | ✓ | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | ✓ | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | ✓ | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | ✓ | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | ✓ | | | |
| 6. Wearing apparel. | | miscellaneous | | $500.00 |
| 7. Furs and jewelry. | ✓ | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | ✓ | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ✓ | | | |
| 10. Annuities. Itemize and name each issuer. | ✓ | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | ✓ | | | |

In re **BOYD ROSE** ,
　　　Debtor

Case No. _____
(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | ✓ | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | ✓ | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | ✓ | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | ✓ | | | |
| 16. Accounts receivable. | ✓ | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | ✓ | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | ✓ | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | ✓ | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ✓ | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | ✓ | | | |

In re __BOYD ROSE_____,    Case No. _____
        **Debtor**                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | / | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | / | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | / | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | / | | | |
| 26. Boats, motors, and accessories. | / | | | |
| 27. Aircraft and accessories. | / | | | |
| 28. Office equipment, furnishings, and supplies. | / | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | / | | | |
| 30. Inventory. | / | | | |
| 31. Animals. | / | | | |
| 32. Crops - growing or harvested. Give particulars. | / | | | |
| 33. Farming equipment and implements. | / | | | |
| 34. Farm supplies, chemicals, and feed. | / | | | |
| 35. Other personal property of any kind not already listed. Itemize. | / | | | |

_2_____continuation sheets attached    Total▶    $ 500. 00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B 6C (Official Form 6C) (04/10)

In re ___BOYD  ROSE___,
                  Debtor

Case No. _____
                          *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
*(Check one box)*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

☐  Check if debtor claims a homestead exemption that exceeds
$146,450.*

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
|  |  |  |  |

* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re __Boyd Rose_____,      Case No. _____
              Debtor                                                 (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑      Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 068101010474 <br> One Meat Pane <br> 6900 Beatrice Rd <br> Kalamazoo, MI 49005-9564 | | 9564 | State Rental Residu 123 S. morgan Chicago IL 6021 <br> VALUE $ 160,000 | | | | $156,000.00 | |
| ACCOUNT NO. | | | <br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br> VALUE $ | | | | | |

____ continuation sheets attached

| | Subtotal ▶ (Total of this page) | $ 156,000.00 | $ |
|---|---|---|---|
| | Total ▶ (Use only on last page) | $ 156,000.00 | $ |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/10)

In re _Boyd Rose_____,                    Case No._____
                        Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

B 6E (Official Form 6E) (04/10) – Cont.

In re _Boyd Rose_____ ,   Case No._____
                    Debtor                                    *(if known)*


☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

  Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☐ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


_1__ continuation sheets attached

B 6F (Official Form 6F)(12/07)

In re __Boyd Rose_____,    Case No. _____
                    **Debtor**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 14793235 TCF Bank 2040 W Wisconsin A Milwaukee, WI 53233 Professional collect Man | | | | | | | $775.00 |
| ACCOUNT NO. 5978158 Direct TV. NCO Financial Systems POB 4935 Trenton, NJ 08650 | | | | | | | $269.00 |
| ACCOUNT NO. 03-99433929 CBCS P.O. Box 163250 Columbus, OH 43216-3250 Verizon Wireless | | | | | | | $312.00 |
| ACCOUNT NO. 9M1208853 First Resolution Invest P.O. Box 3400 Seattle, WA 98124-1000 Washington Mutual | | | | | | | $5,702.00 |

|  |  | Subtotal▶ | $ 7,058.00 |
|---|---|---|---|
|  |  | Total▶ | $ |

_____continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(Form 6F) (12-07) - Cont.

In re __BOYD ROSE__,
          Debtor

Case No. _____
                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 61767<br>The Affiliated Group<br>P.O. Box 7739<br>Rochester, MN 55903 | | | | | | | $96.00 |
| ACCOUNT NO. 61773<br>The Affiliated Group<br>P.O. Box 7739<br>Rochester, MN 55903 | | | | | | | $222.00 |
| ACCOUNT NO. 300 00166051241<br>Santander Consumer<br>8585 N. Stemmons PNW<br>Ste 1000<br>Dallas, TX 75247 | | | | | | | $3,600.00 |
| ACCOUNT NO. 6810101034776<br>One West Bank<br>4900 Beatrice DR<br>Kalamazoo, MI 49003-5684 | | | | | | | $156,000.00 |
| ACCOUNT NO. 1221<br>Capio Partners<br>2222 Texoma PKWY<br>Suite 150<br>Sherman, TX 75091 | | | | | | | $95.00 |

Sheet no.____ of ____ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $160,013.00

Total▶ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  Boyd Rose ,  Case No. _____
_____
Debtor                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1226 Capio Partners 2222 Texoma Pkwy Suite 150 Sherman, TX 75091 | | | | | | | $221.00 |
| ACCOUNT NO. 712837-223498 City of Chicago Dept of Revenue Water P.O. Box 6330 Chicago, IL 60680 | | | | | | | $235.13 |
| ACCOUNT NO. 8016488018 ComEd P.O. Box 6111 Carol Stream, IL 60197 | | | | | | | $648.57 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no._____ of _____ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ 1,104.70

Total▶ $168,175.70

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **Boyd, Rose** ,   Case No._____
_____Debtor_____                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re  _Boyd, Rose_____ ,          Case No. _____

            **Debtor**                                                      **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re __Boyd Rose_____,   Case No. _____
      **Debtor**                                                                **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | _Single_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|---|
| | RELATIONSHIP(S): _Grand Children_ | _Kentavious Boyd_ | AGE(S): _17_ |
| | | _Jamarious Boyd_ | |

| Employment: | DEBTOR | | SPOUSE |
|---|---|---|---|
| Occupation | _Case Manager_ | | |
| Name of Employer | _TASC_ | | |
| How long employed | _11 yrs_ | | |
| Address of Employer | _1500 N. Halsted_ | | |
| | _Chicago IL 60622_ | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ _2,221.68_ | $ _____ |
| 2. Estimate monthly overtime | $ _∅_ | $ _____ |
| 3. SUBTOTAL | $ _2,221.68_ | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $ _305.04_ | $ _____ |
|   b. Insurance | $ _156.74_ | $ _____ |
|   c. Union dues | $ _∅_ | $ _____ |
|   d. Other (Specify): _____ | $ _∅_ | $ _____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ _461.78_ | $ _____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ _1,759.90_ | $ _____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ _∅_ | $ _____ |
| 8. Income from real property | $ _∅_ | $ _____ |
| 9. Interest and dividends | $ _∅_ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ _∅_ | $ _____ |
| 11. Social security or government assistance (Specify):_____ | $ _____ | $ _____ |
| 12. Pension or retirement income | $ _∅_ | $ _____ |
| 13. Other monthly income (Specify):_____ | $ _∅_ | $ _____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ _∅_ | $ _____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ _1,759.90_ | $ _____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ _1,759.90_ |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

B6J (Official Form 6J) (12/07)

In re _Boyd Rose_____,        Case No. _____

                    **Debtor**                                    **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 915.00 |
|    a. Are real estate taxes included?    Yes _____ No _____ | |
|    b. Is property insurance included?    Yes _____ No _____ | |
| 2. Utilities: a. Electricity and heating fuel | $ 150.00 |
|          b. Water and sewer | $ 50.00 |
|          c. Telephone | $ 100.00 |
|          d. Other _Cable_____ | $ 40.00 |
| 3. Home maintenance (repairs and upkeep) | $ 0 |
| 4. Food | $ 250.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ 50.00 |
| 8. Transportation (not including car payments) | $ 0 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0 |
| 10. Charitable contributions | $ 0 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ 0 |
|     b. Life | $ 0 |
|     c. Health | $ 0 |
|     d. Auto | $ 0 |
|     e. Other _____ | $ 0 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ 0 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto | $ 0 |
|     b. Other _____ | $ 0 |
|     c. Other _____ | $ 0 |
| 14. Alimony, maintenance, and support paid to others | $ 0 |
| 15. Payments for support of additional dependents not living at your home | $ 0 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0 |
| 17. Other _____ | $ 0 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 1,655.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
|    a. Average monthly income from Line 15 of Schedule I | $ 1,759.90 |
|    b. Average monthly expenses from Line 18 above | $ 1,655.00 |
|    c. Monthly net income (a. minus b.) | $ 104.90 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re __Boyd Rose_____,    Case No. _____
        **Debtor**                        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                    **Debtor**

Date _____        Signature: _____
                                                                    (Joint Debtor, if any)

                                    [If joint case, both spouses must sign.]

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                            *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____        _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                        Signature: _____

                                    _____
                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

In re: _Boyd, Rose_ ,
      Debtor

Case No. _____
          (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.   Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                               SOURCE

2010   26,660.00   Employment

2011   26,640.00   Employment

**2.  Income other than from employment or operation of business**



State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

AMOUNT                                                           SOURCE

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*



a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|



b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within* **90 days** *immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ✓

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| One West Bank, FSB assignee of mortgage vs. Rose BOYD | Notice of Motion | Daley Center | |

None ☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| First Resolution Investment vs. Rose Boyd | July 13, 2011 | $7,500.00 |

---

**5.  Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| One West Bank 6900 Beatrice Dr Kalamazoo, MI 49009-9556 | September 6, 2011 July 19, 2011 | Single Home $150,000.00 7236 S. Morgan Chicago, IL 60621 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ONEWEST BANK, FSB, ASSIGNEE OF MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR INDYMAC BANK, FSB,

      Plaintiff(s),

vs.

ROSE M. BOYD,

      Defendant(s).

Case No. 10 CH 22544

7236 S MORGAN ST
CHICAGO , IL  60621

## NOTICE OF MOTION

TO:    SEE ATTACHED SERVICE LIST

    On September 6, 2011 , 2011, at 11:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Mulroy, or any Judge sitting in his/her stead, in Courtroom 2810, usually occupied by said Judge in the Cook County Courthouse, 50 WEST WASHINGTON ST., CHICAGO, IL 60602, and

    THEN AND THERE MOVE THIS HONORABLE COURT TO ENTER AN ORDER APPROVING THE JULY 19, 2011 SALE AND TO GRANT AN ORDER FOR POSSESSION AGAINST THE DEFENDANTS.

**IF YOU ARE THE MORTGAGOR (HOMEOWNER), YOU HAVE THE RIGHT TO REMAIN IN POSSESSION FOR 30 DAYS AFTER ENTRY OF AN ORDER OF POSSESSION, IN ACCORDANCE WITH SECTION 15-1701(c)OF THE ILLINOIS MORTGAGE FORECLOSURE LAW.**

    LAW OFFICE OF IRA T. NEVEL, LLC

    BY: ONE OF ITS ATTORNEYS

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## PROOF OF SERVICE BY MAIL

The undersigned attorney certifies that I served this Notice by mailing a copy to the above listed parties at the above listed addresses and depositing same in the United States Mail at 175 North Franklin Street, Chicago, Illinois, at 5:00 p.m. on _____8-25_____, 2011, with proper postage prepaid.

LAW OFFICE OF IRA T. NEVEL, LLC

BY: ONE OF ITS ATTORNEYS

Attorney No. 18837
**LAW OFFICES OF IRA T. NEVEL, LLC**
Ira T. Nevel
Timothy R. Yueill
Greg Elsnic
Michelle R. Ratledge
Lauren Lukoff
Meira Greenberg
175 North Franklin St. Suite 201
Chicago, Illinois 60606
(312) 357-1125   - 40 1 q X
SL

## SERVICE LIST

ROSE M. BOYD
7236 SOUTH MORGAN STREET
CHICAGO, IL 60621

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

ONEWEST BANK, FSB, ASSIGNEE OF
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR INDYMAC
BANK, FSB

      Plaintiff,

      -v.-                  10 CH 22544

ROSE M. BOYD

      Defendant

## MOTION FOR ORDER APPROVING
## REPORT OF SALE AND DISTRIBUTION AND POSSESSION

NOW COMES THE PLAINTIFF, ONEWEST BANK, FSB, ASSIGNEE OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INDYMAC BANK, FSB, by and through its attorneys, LAW OFFICES OF IRA T. NEVEL, and moves this Court for an Order Approving the Selling Officer's Report of Sale and Distribution and in support thereof states as follows:

1. This is an action to foreclose a note and mortgage held by the Plaintiff.

2. This Court entered a Judgment of Foreclosure and Sale on September 22, 2010.

3. Pursuant thereto, a Judicial Sale was held on July 19, 2011.

4. That 735 ILCS 5/15-1508 requires that a Report of Sale and Distribution be submitted to the Court for review and approval.

5. The real property that is the subject matter of this proceeding is a single family residence.

6. The real property was last inspected by movant, its insurers, investors, or agent on  7 / 20 / 11 .

7. A copy of the Selling Officer's Report of Sale and Distribution is presented with this motion for the Court's review.

WHEREFORE, the Plaintiff requests that this Court enter an Order Approving the Report of Sale and Distribution and enter an Order for Possession in favor of the successful bidder, insurers, investors, and agents of the plaintiff against ROSE M. BOYD.

                                 By: _____

LAW OFFICES OF IRA T. NEVEL LLC
175 N. Franklin Street, Suite 201
CHICAGO IL 60606
(312) 357-1125
Attorney Code. 18837
Case Number: 10 CH 22544

RECEIVED
HUMAN RESOURCES

JUL  7 2011

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First ResolutionInvestment Corp.
Plaintiff
    v.

RECEIVED
HUMAN RESOURCES

JUL  5 2011

NO.   09 M1 208853

Rose Boyd
Defendant
    v.

Tasc Inc
Garnishee Defendant

### NOTICE OF MOTION

To:   Rose Boyd                       Tasc Inc
       7236 S Morgan St              1500 N Halstad
       Chicago IL 60621              Chicago IL, 60642

     PLEASE TAKE NOTICE that on **July 13, 2011** at 10:45 a.m. the undersigned will appear before the presiding judge in room 1401 Cook County Courthouse, 50 W. Washington St., Chicago, IL 60606, and then and there present the following motion, a true copy of which is served upon you herewith:

### MOTION FOR ENTRY OF A CONDITIONAL JUDGMENT

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
09-45904

                                           Attorney for Creditor

### PROOF OF SERVICE BY MAIL

     I, the undersigned attorney, certify that I served this Notice by causing to mail a copy to the above named parties at the addresses listed above by depositing the same in the U.S. mail at 661 Glenn Avenue, Wheeling, Illinois at 5 p.m. on **June 29, 2011.**

                                           Attorney for Creditor

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First ResolutionInvestment Corp.
Plaintiff
     v.

NO.    09 M1 208853

Rose Boyd
Defendant
     v.

Tasc Inc
Garnishee Defendant

## MOTION FOR ENTRY OF A CONDITIONAL JUDGMENT

Plaintiff prays that this Honorable Court enter an order for Plaintiff prays that this Honorable Court enter an order of conditional judgment for failure to answer or garnish pursuant to order and therefore states as follows:

1.     Plaintiff issued a garnishment or wage deduction proceeding returnable  <u>January 5, 2011</u>

2.     The Wage Deduction was properly served. (See Return of Service or Green Card attached as Exhibit A)

3.     The Garnishee Defendant has failed to answer the wage garnishment and as such a conditional judgment should enter.

OR

4.     An order was entered on <u>January 5, 2011</u> and sent to Garnishee Defendant, but the Garnishee Defendant has failed to honor that order. (See an Order attached as Exhibit B)

WHEREFORE, Plaintiff prays that this Court enter a conditional judgment against the above named Garnishee/Defendant.

Attorney for Creditor

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900
09-45904

# AFFIDAVIT OF SERVICE
Document    Page ? of ?

| | |
|---|---|
| SDS File #: 9404 | Docket #: 09 M1 208853 |
| B&G File #: 09-45904    Court Date: 1/5/2011 | Name of Defendant: ROSE BOYD |

Being first duly sworn on oath deposes and says that he has served the individual named below in the method and manner as stated below:

Corporation defendants:

**Person Served:**

*Tiffany Young*
Tiffany Young

a)  Garnishment summons, non wage, and affidavit - bank

b)  Wage deduction summons, affidavit and notice - wage

**Date of Service:**

12/22/10

By leaving copy with the registered agent, officer or agent of each corporation as follows:

Name and address of business served:

TASC INC.
ATTN : PAYROLL / GARNISHMENTS
1500 N. HALSTEAD
CHICAGO, IL 60642

**Time of Service: Military**

11:35

Description of person served:

Age: 30          Race/Skin Color: African          Height: 5'6"

Sex: M or (F)          Hair: Black          Glasses: Y or (N)

## Unable to serve

Date of non-serve:          Time of non-serve: Military          Reason for non-serve:

___ / ___ / ___          ___ : ___

Subscribed and sworn to before me on the

28 day of December, 2010.

By the affiant who is personally know to me,

**Process Server:**

Strategic Data Solutions, LLC.

Notary Public

OFFICIAL SEAL
CAROLYN VIVIRITO
Notary Public - State of Illinois
My Commission Expires Nov 29, 2014

UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO S1-109 OF THE CIVAL CODE OF PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENTS SET FORTH ARE TRUE AND CORRECT TO HIS/HER BELIEF.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First Resolution Investment Corp.
    Plaintiff

        vs.                    No. 09 M1 208853

Rose Boyd
    Defendant

        and

Tasc Inc
    Third Party Employer

## WAGE DEDUCTION ORDER/TURNOVER ORDER

The court having reviewed the answer to the Wage Deduction Summons or Third Party Citation served on <u>Tasc Inc</u> ("Employer") as specified in 735 ILCS 5/12-801 <u>et seq.</u> or 735 ILCS 5/2-1402; a lien having been imposed upon the non-exempt wages of <u>Rose Boyd</u> ("Defendant") in the amount of $ <u>8,116.59</u> ; which amount includes courts costs, interest, and credits for payments to the date of entry of this Order, Employer having filed its answer, and the judgement creditor having certified that notice has been provided to the Defendant, it is hereby ordered:

1.    Employer should deduct each pay period 15% of Defendant's non-exempt gross wages.  If Defendant's disposable earnings are less than  45 times the greater of the state or federal minimum wage, no deductions may occur.  All wages withheld shall be turned over to plaintiff <u>First ResolutionInvestment Corp.</u> ("Plaintiff") or Plaintiff's attorney on a monthly basis.. "Non-exempt wages" are wages remaining after deductions for any  mandatory pension or retirement plan  "Disposable earnings" are earnings remaining after deductions for FICA, state and federal tax and Medicare.

2.    In the event that defendant's wages are being garnished due to an earlier served Wage Deduction Order, then wages may be garnished under this Order only to the extent permitted by law.  After entry of this Order, if a Spouse/Child Support Order is entered, then the Spouse/Child Support Order shall have priority over this Order and wages must first be applied to the Spouse/Child Support Order.  When there is more than one wage deduction, the total wage deduction of Defendant's non-exempt gross wages must not exceed 15%.

3.    **No Wage deduction is permitted** whenever Defendants disposable earnings are less then $371.25 for employees paid weekly, $742.50 for employees paid biweekly, $804.37 for employees paid semi-monthly and $1,608.75 for employees paid monthly.  A wage deduction under this order must not reduce an employee's disposable earnings below these amounts.

4.    This Wage Deduction Order continues in effect from the date of service of the wage deduction summons or third party citation until (i) the judgment, plus 9% interest and costs, is paid in full; (ii) Defendant's employment ends; (iii) Defendant files bankruptcy; or (iv) the court modifies this Order. Should Defendant's employment end or Defendant files for bankruptcy, Employer must file and amended answer stating so and serve a copy on either Plaintiff or Plaintiff's attorney.

5.    This lien has priority over any later lien, except spouse/child support Orders or Liens.  Any later lien or Wage Deduction Orders ( other than spouse/child support ) shall be held and stacked in the order received by the employer and shall take effect at the conclusion of this Order.

6.    Plaintiff shall provide quarterly certifications of the judgment balance to Employer within 15 days of the end of a calendar quarter in which any payment is received.  Employer must provide a copy of the quarterly certification of judgment balance to Defendant.

7.    The Court retains jurisdiction of the parties and subject matter to enforce, modify or vacate this order on motion of any party.

ENTERED:
Date: 01/05/11 JUDGE PATRICK J SHERLOCK-2108

ENTERED

JAN 05 2011

JUDGE BROWN
CIRCUIT COUR
COOK CO, IL

| | |
|---|---|
| **Name** | Blitt and Gaines, P.C. |
| **Atty. For** | Plaintiff |
| **Address** | 661 Glenn Ave |
| **City** | Wheeling, IL 60090 |
| **Phone** | 847-403-4900 |
| **File** | 09-45904 |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

First ResolutionInvestment Corp.
      Plaintiff
          vs.                          No. 09 M1 208853
Rose Boyd
      Defendant
          and
Tasc Inc
      Employer

## NON-WITHHOLDING WAGE DEDUCTION ORDER

THIS CAUSE coming on to be heard on the return of a Wage Deduction Summons, the Court finding:

__X__    The employer has failed to file an Answer after service of the Wage Deduction Summons

_____    The employer has filed an Answer showing no funds available to the judgment creditor due to non-employment or bankruptcy of the judgment debtor.

_____    The employer has filed an Answer of no funds due to the employee's insufficient income or prior support or Wage Deduction Orders;

IT IS HEREBY ORDERED:

_____    Stricken from the call.

__X__    That the Conditional Judgment is entered against the employer, __Tasc Inc__ in favor of defendant ___Rose Boyd___, f/u/o plaintiff _____First ResolutionInvestment Corp._____, in the sum of ___$8,423.92___.

_____    That the employer is hereby discharged on its no funds Answer and these proceedings are dismissed.

_____    That these Wage Deduction proceedings are hereby continued to _____, 2011 for further hearing as to:

A.    Status of current deduction orders

B.    Other _____
That this Wage Deduction proceeding shall continue in full force and effect even though it may be subordinate to prior proceedings and no funds are being held at this time.

Blitt and Gaines, P.C.               ENTER:
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, Illinois 60090
847.403.4900 PHONE            _____
09-45904                    JUDGE

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

First ResolutionInvestment Corp.
  Plaintiff
    vs.        No. 09 M1 208853
Rose Boyd
  Defendant
    and
Tasc Inc
  Employer

## NON-WITHHOLDING WAGE DEDUCTION ORDER

   THIS CAUSE coming on to be heard on the return of a Wage Deduction Summons, the Court finding:

 __X__ The employer has failed to file an Answer after service of the Wage Deduction Summons

 ____ The employer has filed an Answer showing no funds available to the judgment creditor due to non-employment or bankruptcy of the judgment debtor.

 ____ The employer has filed an Answer of no funds due to the employee's insufficient income or prior support or Wage Deduction Orders;

        IT IS HEREBY ORDERED:
 ____ Stricken from the call.

 __X__ That the Conditional Judgment is entered against the employer, _Tasc Inc_ in favor of defendant ___Rose Boyd___, f/u/o plaintiff _____First ResolutionInvestment Corp._____, in the sum of __$8,423.92__.

 ____ That the employer is hereby discharged on its no funds Answer and these proceedings are dismissed.

 ____ That these Wage Deduction proceedings are hereby continued to _____, 2011 for further hearing as to:

  A.  Status of current deduction orders

  B.  Other _____
That this Wage Deduction proceeding shall continue in full force and effect even though it may be subordinate to prior proceedings and no funds are being held at this time.

Blitt and Gaines, P.C.       ENTER:
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, Illinois 60090     _____
847.403.4900 PHONE
09-45904         JUDGE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First ResolutionInvestment Corp.
      Plaintiff
          vs.                      No. 09 M1 208853
Rose Boyd
      Defendant
          and
Tasc Inc
      Employer

## NON-WITHHOLDING WAGE DEDUCTION ORDER

THIS CAUSE coming on to be heard on the return of a Wage Deduction Summons, the Court finding:

__X__    The employer has failed to file an Answer after service of the Wage Deduction Summons

_____    The employer has filed an Answer showing no funds available to the judgment creditor due to non-employment or bankruptcy of the judgment debtor.

_____    The employer has filed an Answer of no funds due to the employee's insufficient income or prior support or Wage Deduction Orders;

IT IS HEREBY ORDERED:

_____    Stricken from the call.

__X__    That the Conditional Judgment is entered against the employer, __Tasc Inc__ in favor of defendant ___Rose Boyd___, f/u/o plaintiff _____First ResolutionInvestment Corp._____, in the sum of ___$8,423.92___.

_____    That the employer is hereby discharged on its no funds Answer and these proceedings are dismissed.

_____    That these Wage Deduction proceedings are hereby continued to _____, 2011 for further hearing as to:

A.    Status of current deduction orders

B.    Other _____
That this Wage Deduction proceeding shall continue in full force and effect even though it may be subordinate to prior proceedings and no funds are being held at this time.

Blitt and Gaines, P.C.                   ENTER:
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, Illinois 60090
847.403.4900 PHONE                JUDGE
09-45904

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First ResolutionInvestment Corp.
      Plaintiff
          vs.                              No. 09 M1 208853

Rose Boyd
      Defendant
          and

Tasc Inc
      Employer

## NON-WITHHOLDING WAGE DEDUCTION ORDER

THIS CAUSE coming on to be heard on the return of a Wage Deduction Summons, the Court finding:

__X__    The employer has failed to file an Answer after service of the Wage Deduction Summons

_____    The employer has filed an Answer showing no funds available to the judgment creditor due to non-employment or bankruptcy of the judgment debtor.

_____    The employer has filed an Answer of no funds due to the employee's insufficient income or prior support or Wage Deduction Orders;

### IT IS HEREBY ORDERED:

_____    Stricken from the call.

__X__    That the Conditional Judgment is entered against the employer, __Tasc Inc__ in favor of defendant ___Rose Boyd___, f/u/o plaintiff _____First ResolutionInvestment Corp._____, in the sum of ___$8,423.92___.

_____    That the employer is hereby discharged on its no funds Answer and these proceedings are dismissed.

_____    That these Wage Deduction proceedings are hereby continued to _____, 2011 for further hearing as to:

    A.    Status of current deduction orders

    B.    Other _____
That this Wage Deduction proceeding shall continue in full force and effect even though it may be subordinate to prior proceedings and no funds are being held at this time.

Blitt and Gaines, P.C.                ENTER:
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, Illinois 60090
847.403.4900 PHONE              JUDGE
09-45904

**6.  Assignments and receiverships**



a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7.  Gifts**



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.   Payments related to debt counseling or bankruptcy**


None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**10.   Other transfers**


None

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |


None

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11.   Closed financial accounts**

None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

6

**12. Safe deposit boxes**



None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**



None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**



None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**



None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**



None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



None

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



None

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**



None

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|



b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                              ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.  Books, records and financial statements



a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                              DATES SERVICES RENDERED

b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                    ADDRESS                    DATES SERVICES RENDERED

 c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

NAME

ADDRESS

 d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS

DATE ISSUED

---

**20. Inventories**

 a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT
OF INVENTORY
(Specify cost, market or other
basis)

 b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY          NAME AND ADDRESSES
OF CUSTODIAN
OF INVENTORY RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

 a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS          TITLE          NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

**22 . Former partners, officers, directors and shareholders**

 a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                    ADDRESS          DATE OF WITHDRAWAL

 b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE              DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

 If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                      DATE AND PURPOSE
RELATIONSHIP TO DEBTOR     OF WITHDRAWAL

AMOUNT OF MONEY
OR DESCRIPTION
AND VALUE OF PROPERTY

**24. Tax Consolidation Group.**

 If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION     TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

 If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND     TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

II

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor _____

Date _____

Signature of
Joint Debtor
(if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____

Signature _____

Print Name and
Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

_____

Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____

Address

_____

Signature of Bankruptcy Petition Preparer

_____

Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

In re _Boyd Rose_____,                    Case No. _____
Debtor                                                    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered                    ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien
using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt                    ☐ Not claimed as exempt

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered                    ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien
using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt                    ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                                                                          Page 3

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A - Continuation**

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
    ❑ Surrendered         ❑ Retained

If retaining the property, I intend to *(check at least one)*:
    ❑ Redeem the property
    ❑ Reaffirm the debt
    ❑ Other.  Explain _____ (for example, avoid lien using 11  U.S.C. § 522(f)).

Property is *(check one)*:
    ❑ Claimed as exempt         ❑ Not claimed as exempt

**PART B - Continuation**

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ❑ YES     ❑ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ❑ YES     ❑ NO |

B 8 (Official Form 8) (12/08)

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES ❏ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES ❏ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES ❏ NO |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**


Date: _____     _____
                              Signature of Debtor


                              _____
                              Signature of Joint Debtor